FILED
U.S. DISTRICT COURT
2012 MAY 15 PM 2:49
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ERNIE M. NEAL,                          )
                                        )
              Petitioner,               )          CIVIL ACTION NO.: CV212-054
                                        )
       v.                               )
                                        )
UNITED STATES OF AMERICA,               )          (Case No.: CR210-47)
                                        )
              Respondent.               )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ernie Neal ("Neal"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The Government filed a Motion to Dismiss, and Neal did not file a Response. For the reasons which follow, the Government's Motion should be **GRANTED**, and Neal's motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Neal was sentenced in this Court to 78 months' imprisonment, followed by six (6) years' supervised release, after he pled guilty to distribution of controlled substances within 1000 feet of a school zone, in violation of 21 U.S.C. §§ 841(a)(1) and 860. Neal did not file a direct appeal.

In his Motion, Neal asserts that he is entitled to a three (3) level reduction based on his acceptance of responsibility, which would reduce his sentencing range from 78 to 97 months' imprisonment to 57 to 71 months' imprisonment. Neal contends that his trial

AO 72A
(Rev. 8/82)

counsel did not argue during sentencing that his forfeiture of acceptance of responsibility was not automatic based on his testing positive for the presence of marijuana in violation of the conditions of his pre-trial release.

The Government asserts that Neal's plea agreement contained a collateral attack waiver, and Neal's claims are barred by that waiver.

## DISCUSSION AND CITATION TO AUTHORITY

The Government contends that Neal knowingly and voluntarily agreed to the waiver provision contained in his plea agreement, and the waiver is enforceable against him. Thus, the Government asserts, Neal cannot proceed with his section 2255 motion.

It is well-settled that a waiver of appeal[1] provision is enforceable if the waiver is knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)). "'To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver.'" United States v. Mottola, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)). The fact that a petitioner attempts to challenge his sentence under the guise of an ineffective assistance of counsel claim does not change this result. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence appeal-waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from

---

[1] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D.Ga. 2004).

AO 72A
(Rev. 8/82)

attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.") (citations omitted).

Neal and his attorney negotiated a plea agreement with the Government, and Neal agreed to plead guilty to one (1) count of a ten (10) count indictment. A "Limited Waiver of Appeal" was included as part of this plea agreement. This section provided:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a [28 U.S.C.] § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(CR210-47, Doc. No. 40, p. 6, ¶ C).

Neal appeared before the Honorable Lisa Godbey Wood for his Change of Plea, or Rule 11, hearing. Judge Wood asked Neal if he understood what it meant to plead guilty, the rights he was waiving by pleading guilty, whether he was entering into the plea agreement knowingly and voluntarily, and to which charge he was pleading guilty. (CR210-47, Doc. No. 62, pp. 5-13). Judge Wood informed Neal that the maximum penalty he faced, per the applicable statute, was "not less than one nor more than forty years['] imprisonment; a fine of not more than $2 million; a term of supervised release of at least six years; and a one hundred [dollar] special assessment." (Id. at p. 14). Judge Wood also informed Neal that the advisory Sentencing Guidelines provide for a range for his sentence, and these Guidelines allow for certain factors, such as a criminal

AO 72A
(Rev. 8/82)

history and acceptance of responsibility. Neal indicated his understanding of all of these matters.

Additionally, Judge Wood asked the prosecuting Assistant United States Attorney ("AUSA") to set forth the terms of the plea agreement in open court. AUSA Cameron Ippolito stated, "The Government agrees not to object to a recommendation from the probation officer that Mr. Neal receive a three-level reduction for acceptance of responsibility. And the Government agrees to move to dismiss Counts One through Six and Eight through Ten of the Indictment. In return, Mr. Neal agrees to plead guilty to Count Seven of the pending Indictment." (Id. at pp. 16-17). AUSA Ippolito described the limited appeal waiver as:

> And he waives his right to appeal, either on direct appeal or by collateral attack, any sentence within the federal sentencing guidelines range, but he retains his right to appeal any sentence in excess of the federal sentencing guidelines range or sentence in excess of the statutory maximum, and he retains his right to appeal should the Government appeal the sentence.

(Id. at p. 17).

Judge Wood then addressed Neal about his understanding of the plea agreement.

THE COURT: Mr. Neal, is [what AUSA Ippolito said] consistent with the agreement you signed?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you read it before you signed it?

THE DEFENDANT: Yes, ma'am, I did.

THE COURT: Did you have the opportunity to discuss it with [your attorney] before you signed it?

THE DEFENDANT: Yes, ma'am.

AO 72A
(Rev. 8/82)

THE COURT: Other than the provisions that are contained in that agreement, has anybody made you any promises regarding the outcome of your case?

THE DEFENDANT: No, ma'am.

THE COURT: You understand that the agreement is not binding upon the Court, but if for some reason, I should reject it, you will be given the opportunity to withdraw your plea of guilty and reinstate a plea of not guilty.

THE DEFENDANT: Yes, ma'am, I understand.

THE COURT: I do want to point out that as a part of your agreement, you have agreed to waive your appeal rights. It states to the maximum extent permitted by federal law, you voluntarily and expressly waive the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255.

There are, however, three exceptions to that waiver. You would get a direct appeal right back if for some reason I were to sentence you above the statutory maximum. You would get a[ ] direct appeal right back if I were to sentence you above the advisory guidelines range as found by me. And you would get a direct appeal right back if the Government were to file an appeal. Understand?

THE DEFENDANT: Yes, ma'am, I do.

(Id. at pp. 18-19). The Government then provided a factual basis for Neal's plea of guilty. (Id. at pp. 21-25). After hearing from Neal again, Judge Wood accepted Neal's plea and adjudged him guilty of Count Seven of the Indictment—distribution of controlled substances within 1000 feet of a school zone. (Id. at p. 26).

The record clearly indicates that Neal understood the implications of entering a guilty plea, as well as the meaning of the limited waiver of appeal condition. In addition, Judge Wood specifically questioned Neal about this condition during the Rule 11 hearing. Mottola, 394 F. App'x at 568. Neal's sentence of 78 months' imprisonment fell

5

within the 78 to 97 months' Guidelines range (CR210-47, Doc. No. 63, p. 9), and well below the statutory maximum of 40 years' imprisonment. Neal's claims clearly fall within the limited waiver of appeal condition of his plea agreement, and he is not entitled to his requested relief. Likewise, Neal's assertion that his counsel was ineffective by failing to argue that his acceptance of responsibility was not automatically forfeited does not offer Neal an avenue for his requested relief. Williams, 396 F.3d at 1342.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Neal's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _15th_ day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)